IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | : | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | No. 22-cr-30 (TJK) |
| v. | : | |
| | : | |
| ROBERT THOMAS SNOW, | : | |
| *Defendant*. | : | |
| | : | |

**DEFENDANT'S *CONSENT* MOTION TO
PROCEED WITH SENTENCING BY VIDEOCONFERENCE**

Defendant, Robert Thomas Snow, by and through his undersigned counsel, seeks an Order permitting his sentencing, which is currently scheduled for July 7, 2022, to proceed remotely via videoconference, and states as follows:

1. On January 4, 2022, Mr. Snow voluntarily surrendered to the Federal Bureau of Investigation ("FBI") on an Arrest Warrant relating to misdemeanor offenses and was processed at the United States District Court for the Eastern District of Arkansas, where he was shackled. An initial presentment was held that day and Mr. Snow was released on his personal recognizance, where the assigned judge refused to grant all of the Government's requested conditions of release given Mr. Snow's complete absence of a criminal history. On January 11, 2022, Mr. Snow appeared before Magistrate Judge G. Michael Harvey by video, where he was again permitted to remain on his personal recognizance.

2. On March 24, 2022, Mr. Snow entered a guilty plea to one count of Parading, Demonstrating, or Picketing in a Capitol Building, a petite misdemeanor offense, in violation of 40 U.S.C § 5104(e)(2)(G), which carries a maximum period of incarceration of six months. At the conclusion of that proceeding, Mr. Snow was permitted to remain on his personal recognizance.

3.      At 78 years of age, Mr. Snow has no criminal history and has been in full compliance with his conditions of release. Prior to being arrested, Mr. Snow fully cooperated with law enforcement at all stages of its investigation, including, but not limited to: (i) giving multiple interviews to FBI agents and full statements accounting to his presence inside the U.S. Capitol; and (ii) providing his cellphone and an item worn on January 6, 2021 to law enforcement without a search warrant. Following his arrest and arraignment, Mr. Snow moved up his status hearing so that he could enter a guilty plea *earlier* than originally anticipated in this matter.

4.      Pursuant to Federal Rule of Criminal Procedure 43(b)(2), a "defendant need not be present" before the Court if the offense at issue "is punishable by fine or by imprisonment for not more than one year" and the defendant agrees to proceed by "video teleconferencing." The Court has the discretion under the Rule to permit video teleconferencing for "arraignment, plea, trial, and sentencing."

5.      Mr. Snow requests to proceed to sentencing by videoconference. He resides with his wife in Heber Springs, Arkansas, and as set forth in the draft Presentence Report ("PSR") (D.E. 22), lives on a very fixed income and has serious medical conditions that makes it impossible for him to appear in Washington, D.C. for his sentencing hearing.

6.      As set forth in the PSR, Mr. Snow is practically blind in his left eye due to a macular hole and retina bleeding. He suffers from cataracts in both eyes and is pending a surgical procedure this year for both eyes in Searcy, Arkansas. Mr. Snow also suffers from arthritis conditions due to his age, which affects his back, hips, and legs. In addition, Mr. Snow suffers extreme pain with shoulder disjointing (from a prior injury) and has a significant heart condition. In August 2016, he suffered a heart attack due to atherosclerosis in three arteries, which resulted in damage to the mitral valve. He

underwent an angioplasty to place three stents in affected arteries. *See* PSR, ¶¶ 54-56 (detailing Mr. Snow's failing medical condition).

7. On June 2, 2022, undersigned counsel conferred with the assigned prosecutor, Assistant United States Attorney Alison Prout, who is based in Atlanta, Georgia, but on detail *virtually* at the U.S. Attorney's Office for the District of Columbia. While Ms. Prout could not yet confirm at that time whether the Government would be seeking a sentence of incarceration in this case, Ms. Prout identified that the Government *consents* to a remote sentencing hearing in this matter.

8. Notwithstanding its *consent* to proceeding with a remote hearing, on June 7, 2022, Ms. Prout first informed undersigned counsel by email and then immediately sent an email one-minute later to chambers indicating that the Government would be seeking a very brief period of incarceration (*14 days*), among other requests, at sentencing.

9. Frankly shocked and extremely tempted to respond now at length, undersigned counsel simply states that he looks forward to appearing before this Court at Mr. Snow's sentencing to discuss in extensive detail Mr. Snow's extraordinary life and immediate and sincere acceptance of responsibility for entering and exiting the U.S. Capitol on January 6, 2021. At sentencing, undersigned counsel will request — in accordance with the law (*see* 18 U.S.C. § 3553(a)) — that Mr. Snow be sentenced consistent with his history and characteristics and how other similarly situated defendants have been sentenced.

10. The Defendant has *no* prior criminal history and U.S. Probation upon its review of the record, believes that there is a basis for a departure in this case even in this instance when the Sentencing Guidelines do not even apply (*see* PSR, ¶¶ 98-99). U.S. Probation's reasons for its position are compelling:

> This is the defendant's first arrest and conviction. He is a 78-year-old married man, who served in the armed forces, has extensive work history, and has no history of

> drug use. Mr. Snow has serious financial constraints and serious medical issues, including being legally blind in one eye. Mr. Snow is awaiting resolution of this matter to undertake necessary medical procedures. Furthermore, he is the caretaker of his son and designated guardian. Lastly, Mr. Snow admitted to the instant offense and cooperated fully with law enforcement during multiple meetings of the investigation. The defendant was inside the U.S. Capitol, for a brief period, he did not assault or threaten anyone and did not steal or deface any property.

PSR, ¶ 99. In case there was any doubt, the Government has already indicated in writing that it has no objections to the draft PSR, which includes the quoted summary above.

11.     Accordingly, for all these reasons, Mr. Snow respectfully requests that the Court permit his sentencing to be conducted by remote videoconference when a remote sentencing is completely permitted by the Federal Rules of Criminal Procedure and the Government *consents* to a remote sentencing for Mr. Snow's *petite* misdemeanor offense.

Dated: June 7, 2022                    Respectfully submitted,

                                        s/ Christopher Macchiaroli
                                        Christopher Macchiaroli (D.C. Bar No. 491825)
                                        Silverman, Thompson, Slutkin & White LLC
                                        1750 K Street, NW, Suite 810
                                        Washington, D.C. 20006
                                        Telephone: (202) 539-2444
                                        Facsimile:  (410) 547-2432
                                        Email: cmacchiaroli@silvermanthompson.com

                                        *Counsel for Defendant Robert Snow*