IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 22-CR-30 (TJK) |
| v. | : | 40 U.S.C. § 5104(e)(2)(G) |
| ROBERT THOMAS SNOW, also known as "Bob Snow" | : | |
| Defendant. | : | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S
MOTION FOR SENTENCE REDUCTION**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby files this opposition to the Defendant's motion sentence reduction, styled as Defendant's Motion for Early Termination of Probation. (Dkt. No. 36).

Citing no authority, the defense asks that the Defendant's 12-month term of probation be immediately terminated less than six weeks after the entry of judgment due to his "exemplary" actions of satisfying the other parts of the Court's judgment. (Dkt. 36 at 3). Merely complying with the terms of his probation is insufficient to warrant a sentence reduction. The Defendant's motion fails to satisfy the standard for the early termination of probation and should be denied.

**BACKGROUND**

On December 29, 2021, the Defendant was charged by complaint with four misdemeanor offenses in connection with his unlawful entry into the United States Capitol Building in the midst of the Capitol Siege on January 6, 2021. On January 4, 2022, he self-surrendered and on January 21, 2022, the Defendant was charged with the same four offenses by Information. On March 24, 2022, he pleaded guilty to Count Four of the Information, charging him with a

violation of 40 U.S.C. § 5104(e)(2)(G), Parading, Demonstrating or Picketing in the Capitol Building.

On July 7, 2022, the Court held the sentencing hearing. The government requested that the Court sentence the Defendant to fourteen days' incarceration, three years' probation, 60 hours of community service, and $500 in restitution. (Dkt. No. 26 at 1). The Defendant requested a sentence of a $500 fine, along with agreed-to restitution of $500. (Dkt. No. 27 at 23). Both parties submitted extensive sentencing memoranda and made arguments to the Court as to how the factors under 18 U.S.C. § 3553(a) should be weighed in the Defendant's case. The Court considered the record and the arguments of counsel and sentenced the Defendant to 12 months' probation, 60 hours of community service and the agreed-to $500 restitution. At the hearing, the Court stated that it would consider a motion by the Defendant for the early termination of probation when the Defendant completed his community service and monetary portion of his sentence.

On August 15, 2022, less than six weeks after the entry of judgment, the Defendant moved the Court for the immediate termination of his term of probation solely on the basis that he has paid his $500 restitution and $10 special assessment and completed the court-ordered 60 hours of community service. (Dkt. 36).

## ARGUMENT

**I.     The Standard for Terminating the Defendant's Sentence of Probation.**

Section 3564(c) of Title 18 allows a court to terminate probation upon consideration of (1) the applicable 18 U.S.C. § 3553(a) factors, (2) "the conduct of the defendant," and (3) whether the requested sentence is "warranted by . . . the interest of justice." 18 U.S.C. §

3564(c).[1] "The point of a motion to modify a sentence is to review what may have changed in the intervening period." *United States v. Hartley*, 34 F.4th 919, 932, n.9 (10th Cir. 2022). This makes sense since the Court must reconsider the same § 3553(a) factors that it considered when imposing the original sentence. *See, e.g., United States v. Martin*, No. 89 CR. 405 (DNE), 1992 WL 178585, at *1 (S.D.N.Y. July 13, 1992) (denying motion for early termination of probation under 18 U.S.C. § 3564(c) where the defendant failed to offer "the existence of new circumstances that merit a modification of the original sentence"). Thus, absent a relevant change, there is no basis for the Court to reduce the sentence already imposed.

Courts routinely have held that mere compliance with the conditions of probation without more does not warrant early termination. *See United States v. Salazar*, 693 F. App'x 565, 566 (9th Cir. 2017) (affirming denial of motion to modify conditions of probation where "the magistrate judge applied the correct legal standard when she considered the 18 U.S.C. § 3553(a) factors and determined that Salazar's mere compliance with the conditions of probation, without more, did not warrant early termination"); *United States v. Acosta-Triana*, No. CR 01-0817 (ES), 2017 WL 4786559, at *2 (D.N.J. Oct. 23, 2017) (finding general compliance with probation terms "insufficient to terminate probation"); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) (stating that full compliance with probation conditions is what is expected of defendants and "[e]arly termination is not warranted where a defendant did nothing more than that which he was required to do by law."). Likewise in the similar analysis for supervised release modification motions, model post-incarceration conduct and unblemished compliance with the terms of supervised release, standing alone, have been found insufficient to warrant

---

[1] A fourth requirement—that in the case of a felony conviction, a defendant has served the statutorily prescribed portion of his probationary term before moving for termination, 18 U.S.C. § 3564(c)—is not at issue here.

early termination of supervised release when the defendant has not "show[n] something 'of an unusual or extraordinary nature' in addition to full compliance." *United States v. Longerbeam*, 199 F.Supp.3d 1, 2–3 (D.D.C. 2016) (holding that "while the Court commends defendant for his law-abiding conduct and personal successes, such activities are expected of a person on supervised release and do not amount to "exceptionally good behavior" or "something of an unusual or extraordinary nature in addition to full compliance."); *see also United States v. Mathis–Gardner*, 110 F.Supp.3d 91, 93–94 (D.D.C. 2015) (noting courts "have found that mere compliance with the conditions of release is not enough to merit early termination of supervised release because model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release") (quotations omitted).

Finally, at least one court has determined that it is improper for a district court to commit itself to a particular resentencing result in advance. In *United States v. Moore*, the defendant was resentenced after a probation violation, and the Tenth Circuit reversed because the district court improperly committed itself to the result of the resentencing in advance. 30 F.4th 1021, 1025 (10th Cir. 2022). This prohibition follows from the requirement that the § 3553(a) factors along with the other prescribed be considered anew upon a defendant's motion pursuant to 18 U.S.C. § 3564(c).

## II. The Defendant Has Not Met the Standard for Early Termination of Probation.

In this case, the Defendant has not even argued that he meets the standard for early termination, let alone offered support for that position. Nor does an analysis of the § 3553(a) factors justify the requested sentence reduction. The Defendant spent 43 minutes inside the U.S. Capitol Building in the midst of a violent and deadly riot that threatened the peaceful transition

of power in our nation. He penetrated three floors of the building and only exited after being ordered to do so by law enforcement at gunpoint. He also pumped his fist in the air while facing the crowd from the balcony of the Capitol Building, apparently celebrating the riot and egging other rioters forward.

The Defendant's history and characteristics were taken into account in the Court's sentence—already one of the lower sentences imposed on a January 6 defendant. Those characteristics have not changed in the six weeks since it was imposed. The purpose of probation is not merely to afford supervision while a defendant fulfills the other terms of a court's judgment; it serves as punishment. The Defendant's request for an effective 88% reduction of his sentence of probation does not reflect the seriousness of his offense, nor does it promote respect for the law. His motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:     */s/ Alison B. Prout*
ALISON B. PROUT
Assistant United States Attorney
Georgia Bar No. 141666
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 581-6000
alison.prout@usdoj.gov