IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : No. 22-cr-30 (TJK) |
| v. | : |
| | : |
| ROBERT THOMAS SNOW, | : |
| | : |
| *Defendant*. | : |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION**

Yet again, the Government takes the unusual position of denying early termination of probation, even when, *this time*, the United States Probation Office *does not* oppose the request. What is the Government's purported reason for its position, is it that the Defendant has some requirement to complete under probation, such as, continued treatment or an outstanding financial obligation, or because the defendant needs rehabilitation — ***absolutely not***. Rather, in the absence of any ongoing supervision obligation, besides a monthly online report and the expiration of the 12-month term, the Government's stated justification for continued probation is because probation is "a form of punishment." Gov't Opp'n at 7. Apparently, it is not enough that Mr. Snow was shackled upon presentment in federal court in Arkansas, incurred his first arrest and conviction, endured national articles bringing shame to him and his family, and threats to his safety. Apparently, according to the Government, Mr. Snow needs more punishment.

However, in reality, the *true goal* of probation is, and should be, rehabilitation and a mechanism to ensure that a defendant performs the necessary obligations of supervision, such as, community service and restitution payments, both of which Mr. Snow performed — expeditiously and admirably. Even then, the Government cannot even bring itself to acknowledge that performance,

1

as if, showing support for a defendant's successful performance on supervision is unimportant or impermissible for a January 6 defendant. It is not. If the Court wants to maintain supervision for a year, Mr. Snow respectfully requests that it be *un*supervised, so that Mr. Snow can protect himself and his wife in his home, from potential individuals who may threatened him for his one deviation from societal norm in his life, entering the U.S. Capitol on January 6, 2021.

The United States Probation Office has limited resources supervising the violent and dangerous criminals in our society and does not oppose the termination of supervision for Mr. Snow, a 78-year veteran with serious medical issues and scheduled surgeries, who was arrested once in his life, for a petit misdemeanor offense, and was sincerely remorseful and completely cooperative with law enforcement upon his first contact with them and engaged in no violent or threatening conduct when inside the U.S. Capitol. The Government once deferred to U.S. Probation on these matters. That time has apparently passed.

For all these reasons, Mr. Snow respectfully requests that his motion be granted.

Dated: October 23, 2022                                   Respectfully submitted,

s/ Christopher Macchiaroli
Christopher Macchiaroli (D.C. Bar No. 491825)
Silverman, Thompson, Slutkin & White LLC
1750 K Street, NW, Suite 810
Washington, D.C. 20006
Telephone: (202) 539-2444
Facsimile:  (410) 547-2432
Email: cmacchiaroli@silvermanthompson.com

*Counsel for Defendant Robert Snow*
